IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

**FILED IN OPEN COURT**
U.S.D.C ATLANTA

NOV 1 4 2007

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : : | CRIMINAL INDICTMENT |
| v. | : : | NO. |
| AFSHIN REZAEI | : : | **1 07-CR-380** |

THE GRAND JURY CHARGES THAT:

<u>BACKGROUND</u>

1.  At all times relevant to this Indictment, the defendant, AFSHIN REZAEI, was a national of the Islamic Republic of Iran ("Iran") who resided and worked in the United States.

2.  At all times relevant to the Indictment, REZAEI owned and operated a business called Almas Payetakht ("Almas") in the Northern District of Georgia.  Almas' business was the sale and the exportation of computers and data processing machines from the United States to customers located in a foreign country.

3.  Comtronix L.L.C. ("Comtronix") is an United Arab Emirates ("UAE") based company that, among other things, facilitates the delivery and shipment of goods and technology into Iran on behalf of third parties that ship goods and technology from the United States.

4.  Kian Tech, L.L.C. ("Kian Tech") is an UAE based company that, among other things, facilitates the delivery and shipment of goods and technology into Iran on behalf of third parties that ship

goods and technology from the United States.

## The International Emergency Economic Powers Act

5.    At all times relevant to this Indictment, the International Emergency Economic Powers Act (Title 50, United States Code, Sections 1701 through 1706)("IEEPA"), empowered the President of the United States to deal with unusual or extraordinary threats to the national security and foreign policy of the United States by regulating and prohibiting transactions involving goods, technology and services to certain countries. IEEPA empowered the President to regulate and prohibit such transactions through the issuance of Executive Orders which have the force and effect of law.

6.   On March 15, 1995, the President issued Executive Order No. 12957 finding that the actions and policies of Iran constituted an unusual and extraordinary threat to the national security, foreign policy, and economy of the United States.  Executive Order No. 12957, as expanded and continued by Executive Orders 12959 and 13059, and subsequent Presidential Notices, imposed economic sanctions, including a trade embargo, on Iran.  These Executive Orders prohibited, among other things, the exportation from the United States any goods, technology, or services to Iran, except as provided by regulations promulgated by the Secretary of the Department of Treasury.

2

<u>The Iranian Transaction Regulations</u>

7.   The Executive Orders authorized the Secretary of the Department of Treasury to promulgate regulations (The Iranian Transaction Regulations) that may be necessary to carry out the purpose of the Executive Orders.  Pursuant to this authority, the Secretary of the Treasury promulgated regulations which prohibit the direct and indirect exporting of any goods, technology, or services from the United States to Iran without first obtaining an export license from the Office of Foreign Asset Controls.

8.   At all times relevant to this Indictment neither the defendant, AFSHIN REZAEI, nor his business, Almas, had a license from the Office of Foreign Asset Controls to export goods, technology, and services to Iran.

**COUNT ONE**
Conspiracy
(18 U.S.C. § 371)

9.   The Grand Jury realleges and incorporates by reference herein Paragraphs One through Eight of this Indictment.

10.   Beginning on a date unknown to the Grand Jury but at least on or about March 7, 2005, and continuing through and until on or about September 17, 2006, in the Northern District of Georgia and elsewhere, the defendant,

AFSHIN REZAEI,

with others known and unknown to the Grand Jury, did knowingly and

3

willfully combine, conspire, confederate, and agree to: Knowingly and willfully export, attempt to export, solicit the export, and cause the export from the United States to Iran, a prohibited country, of various goods and technology located within and without the United States, without having first obtained a validated export license from the Department of Treasury for such export, in violation of Title 50, United States Code, Sections 1702 and 1705(b), Executive Order No. 13059, and Title 31, Code of Federal Regulations, Section 560.204.

<u>MANNER AND MEANS</u>

11.   The conspirators would and did use the following manner and means, among others, to accomplish the object of the conspiracy:

a.   At all times relevant to this Indictment, REZAEI and Almas maintained a web site at <u>www.almasp.com</u>, which advertised the sale of computers to the public.   The price quoted for the computers was in Rials, the official currency of Iran.   Moreover, the website initially listed a storefront located in Tehran, Iran, and the contact information for a manager of Almas that was located in Tehran, Iran.

b.   REZAEI and Almas would receive orders for computers through its advertisement on the website.   Instead of shipping the computers directly to Iran, REZAEI would ship the computers to one of the co-conspirators located in Dubai, U.A.E., with knowledge to

know that the co-conspirator would supply, transship, or re-export the notebook computers directly or indirectly to REZAEI's customers located in Iran.

c.   To coordinate the purchase and shipping of the notebook computers to Iran, and the receipt of payment, REZAEI and his co-conspirators would communicate via electronic mail.

OVERT ACTS

12.   To further the objectives of the conspiracy, and to accomplish its goal, the following overt acts, among others, were committed in the Northern District of Georgia and elsewhere:

a.   On or about June 16, 2005, REZAEI completed a "Shipper's Export Declaration" and air waybill number 17673737996 and exported notebook computers valued at $10,795 to Comtronix, U.A.E.

b.   On or about June 26, 2005, Comtronix completed an application for clearance to import and to re-export notebook computers valued at $10,795 and received a Dubai Customs Declaration No. 11-1-2-06771346.

c.   On or about June 30, 2005, Comtronix completed an air waybill referencing Dubai Customs Declaration No. 11-1-2-06771349 and exported notebook computers to Iran.

d.   On or about June 30, 2005, REZAEI completed a "Shipper's Export Declaration" and air waybill number 17673756373

5

and exported the notebook computers valued at $6,276 to Comtronix, U.A.E.

e.   On or about July 7, 2005, Comtronix completed an application for clearance to import and to re-export notebook computers valued at $6,276 and received a Dubai Customs Declaration No. 11-1-2-06784638.

f.   On or about July 7, 2005, Comtronix completed an air waybill referencing Dubai Customs Declaration No. 11-1-2-06784638 and exported the notebook computers to Iran.

g.   On or about September 13, 2005, REZAEI completed a "Shipper's Export Declaration" and air waybill Number 17673756572 and exported notebook computers valued at $37,850 to Kian Tech, U.A.E.

h.   On or about September 21, 2005, Kian Tech's agent, Enkay Express, completed an application for clearance to import and to re-export computer notebook computers valued at $37,850 and received a Dubai Customs Declaration No. 11-1-2-06878496.

i.   On or about September 21, 2005, Enkay Express completed an air waybill referencing Dubai Customs Declaration No. 11-1-2-06878496 and exported notebook computers to Iran.

All in violation of Title 18, United States Code, Section 371.

**COUNTS TWO THROUGH FOUR**
Violation of IEEPA
(50 U.S.C. § 1705)

13.   The Grand Jury realleges and incorporates by reference herein Paragraphs One through Eight of this Indictment.

14.   On or about the dates as set forth below, within the Northern District of Georgia, and elsewhere, the defendant,

AFSHIN REZAEI,

while aided and abetted by others, knowingly and willfully exported, and caused to be exported from the United States to Iran, goods, and technology, as described below, without first having obtained the required authorization from the Secretary of the United States Department of the Treasury:

| Count | Date | Item | Air Waybill Number |
|-------|------|------|--------------------|
| 2 | 6/16/2005 | Laptop computers | 17673737996 |
| 3 | 6/30/2005 | Laptop computers | 17673756373 |
| 4 | 9/21/2005 | Laptop computers | 17673756572 |

All in violation of Title 50, United States Code, Sections 1702 and 1705(b), Executive Order No. 13059, and Title 31, Code of Federal Regulations, Section 560.204, and Title 18, United States Code, Section 2.

**FORFEITURE PROVISION**

Upon conviction of one or more of the offenses alleged in this Indictment, the defendant shall forfeit to the United States

7

pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation(s), including but not limited to the following:

1.   A sum of money representing the amount of proceeds obtained as a result of the offense;

2.   The real property known as 2310 Valley Brook Way, NE, Atlanta, Georgia, in DeKalb County, with all appurtenances, improvements, and attachments thereon.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

8

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property described above.

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

A _TRUE_ BILL

_Rhonda J. Mills_
_Deputy_ FOREPERSON

DAVID E. NAHMIAS
UNITED STATES ATTORNEY

BYUNG J. PAK
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404/581-6000
Georgia Bar No. 559457